**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

REGINALD BERNARD WHITFIELD,

Plaintiff,

v.

Case No. 3:24-cv-1295-WWB-MCR

DEPUTY TRYSTYN CLA GAFFNEY,
SERGEANT TREVOR CARL BISHOP,
LT. RAY H. JOHNSON,
DEPUTY FIGUEROA, and
LT. BRECKENRIDGE,

Defendants.

---

# ORDER

Reginald Bernard Whitfield, a Florida prisoner, initiated this case by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Whitfield sues five officers of the Putnam County Sheriff's Office for false arrest, excessive force, and *Miranda* violations that occurred during his arrest and pretrial detention.

Two defendants remain. Whitfield voluntarily dismissed his claims against Dep. Figueroa and Lt. Breckenridge, and the Court granted Dep. Gaffney's motion to dismiss. (Doc. Nos. 40, 46). Additionally, an earlier order ruled that Whitfield's excessive force claim against Sgt. Bishop could proceed, and Sgt. Bishop has answered the Complaint. (Doc. Nos. 46, 47). Before the Court is Lt. Ray H. Johnson's Motion to Dismiss and Whitfield's response. (Doc. Nos. 43, 58).

## I. THE COMPLAINT

Whitfield alleges the following in his Complaint: On the evening of April 10, 2024, Dep. Gaffney responded to a 911 call concerning an aggravated battery with a deadly

weapon. (Doc. 1 at 14). Upon arrival at Whitfield's home, Dep. Gaffney questioned Whitfield about what happened at the home and then arrested Whitfield for aggravated battery. (*Id*. at 15). When placing Whitfield in the patrol car, Dep. Gaffney negligently rammed Whitfield's head into his patrol car. (*Id*. at 10).

At the police station, Whitfield was placed in a holding cell. (*Id.* at 16). Whitfield began knocking on his cell door and asking to call his attorney. (*Id*.). Sgt. Bishop instructed Whitfield to refrain from knocking on his cell door and refused him permission to use the phone. (*Id*.). Whitfield continued to knock on the door and ask for the phone, but Sgt. Bishop warned Whitfield that he would be placed in a four-point restraint if he did not stop. (*Id*.). When Whitfield again knocked on his cell door, Sgt. Bishop placed him in a four-point restrain for four hours. (*Id*. at 7, 9, 17).

Whitfield sues Lt. Johnson in his official capacity and alleges that Lt. Johnson violated his constitutional rights by "signing his signature of approval to an inmate 4-point restraint without investigating more thoroughly than just by word of mouth." (*Id*. at 7). He alleges that Lt. Johnson "wasn't even there." (*Id*.).

As a result of the false arrest, excessive force, and *Miranda* violations, Whitfield alleges that he suffered head trauma, a shoulder injury, back pain, and emotional stress. (*Id*. at 19). He seeks to recover compensatory and punitive damages. (*Id*. at 20).

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting

all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Id.*

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (1998). However, the "leniency" provided to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (cleaned up). "The relevant question is what claims the parties made, not what claims could have been made." *Bennett v. United States*, No. 25-12187, 2026 WL 671692, at *1 (11th Cir. Mar. 10, 2026) (citing *Nalco Co. v. Bonday*, 142 F.4th 1336, 1341 (11th Cir. 2025)).

## III. DISCUSSION

"Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). To state an official capacity claim, a plaintiff must allege that a policy, custom, or practice of the Putnam County Sheriff's Office was the "moving force" behind

the alleged constitutional violations. *Monell*, 436 U.S. at 694. "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id*. at 691. A claim against a municipality may proceed under § 1983 but only when a plaintiff alleges that an action pursuant to a municipal policy or custom "caused a constitutional tort." *Id*. at 690–91. Thus, a plaintiff "must identify a municipal policy or custom that caused his injury." *Grech v. Clayton Cnty*., 335 F.3d 1326, 1329 (11th Cir. 2003) (quotations omitted).

Here the only factual allegation that Whitfield makes regarding Lt. Johnson is that he approved the decision to place him in a four-point restraint. (Doc. 1 at 7). In his response to the motion to dismiss, Whitfield attempts to bolster this allegation by arguing that, because Lt. Johnson "signed off on" the use of force, his approval deems him "liable for whatever may have been taken place on that particular day." (Doc. 58 at 2).

Accepting as true Whitfield's meager allegation that Lt. Johnson approved the four-point restraint, such allegation is insufficient to state an official capacity claim. Whitfield makes no allegations that a custom, policy, or practice of the Putnam County Sheriff's Office was the moving force behind the alleged constitutional violations he suffered during his arrest or detention. This failure is fatal to his official capacity claim against Lt. Johnson. And, because any amendment would be futile, the dismissal of the claim against Lt. Johnson in his official capacity is with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a district court is not required to allow an amendment "where amendment would be futile").

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Lt. Ray H. Johnson's Motion to Dismiss Plaintiff's Complaint (Doc. 43) is **GRANTED**. Whitfield's excessive force claim against Lt. Johnson in his official capacity is **DISMISSED with prejudice**. The Clerk shall **TERMINATE** Lt. Johnson as a defendant in this case and amend the case style accordingly.
2. In accord with the Court's earlier Order (Doc. 46), this case shall proceed on Whitfield's excessive force claim against Sgt. Bishop. The Court shall separately enter an order setting case management deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, on August 4, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12
TpaP-5
C: Reginald Bernard Whitfield, #750336